IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE REGIONAL PLANNING AGENCY,

        Plaintiff,

   v.

MICHAEL FRANKLIN,

        Defendant.
_____/

No.  CIV.S-04-0675 WBS DAD PS

ORDER ENFORCING

SETTLEMENT AGREEMENT

        This closed case is before the court on an order to show cause why the parties' settlement agreement should not be enforced. For the reasons explained below, the court will order defendant Michael Franklin to comply with that settlement agreement.

        Plaintiff Tahoe Regional Planning Agency initiated this action by filing its complaint on April 5, 2004.  The matter subsequently was referred to the undersigned pursuant to Local Rule 72-302(c)(21) due to defendant Franklin's pro se status.  Following a settlement conference, the parties settled this matter.  By order filed April 29, 2005, the assigned district judge dismissed the

1

action pursuant to the settlement agreement reached between the parties. That order expressly stated that the court, and the undersigned in particular, would retain jurisdiction to enforce the terms of that agreement. Moreover, the settlement agreement was incorporated by reference in the district judge's order and attached as an exhibit thereto.

On November 9, 2005, plaintiff filed notice that defendant had not satisfied his obligations under the settlement agreement. The court then issued an order directing the parties to show cause why the terms of the settlement agreement should not be enforced. The parties were directed to appear personally, or through counsel if represented by an attorney, at a show cause hearing. Each party was further directed to file a written report addressing the status of the satisfaction of the settlement agreement.

The show cause hearing was held on December 2, 2005. Jordan C. Kahn appeared on behalf of plaintiff. Defendant Michael Franklin neither appeared nor responded to the order to show cause in writing as required. Defendant Franklin did contact the court by telephone prior to the hearing to indicate he would not be appearing due to another court appearance in an unrelated state court matter. At the hearing, plaintiff was granted an additional opportunity to address enforcement of the settlement agreement in a letter brief, which plaintiff submitted following the hearing.

"[A] district court does not retain 'inherent' or 'ancillary' subject matter jurisdiction to enforce a settlement simply because the dismissal of a federal action served as part of

2

1  the consideration for the settlement agreement." Hagestad v.
2  Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995)(citing Kokkonen v.
3  Guardian Life Insurance Company of America, 511 U.S. 375, 378-80
4  (1994)).  "When the parties' compliance with the terms of the
5  settlement or the court's retention of jurisdiction over the
6  settlement are included in the terms of the dismissal order, however,
7  a breach of the agreement violates that order and the court has
8  ancillary jurisdiction to enforce the agreement." Hagestad, 49 F.3d
9  at 1433.  See also O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.
10 1995)("If the dismissal order incorporates the settlement terms, ...
11 a violation of those terms would amount to a violation of the court's
12 order.  The court would then have ancillary jurisdiction ....").

13         This action arose out of defendant's alleged violations of
14 the Tahoe Regional Planning Compact and its implementing Code of
15 Ordinances in connection with the removal of trees on a lot owned by
16 defendant.  In relevant part, the parties' settlement agreement
17 required defendant to pay plaintiff $5,000 as well as to re-forest
18 his lot as directed by plaintiff and remove a vehicle therefrom.  The
19 agreement required plaintiff to file a dismissal.

20         Plaintiff timely filed the required dismissal.  However, as
21 demonstrated by plaintiff in the papers filed in connection with the
22 order to show cause, defendant Franklin has not satisfied any of his
23 obligations under the settlement agreement.  (See Decl. of Jordan C.
24 Kahn in Supp. of TRPA's Request for Mag. J. to Exercise Continuing
25 Jurisd.)  Additionally, in the order of dismissal the district judge
26 indicated that "[t]his Court, and the Honorable Magistrate Judge Dale

3

A. Drozd in particular, will retain continuing jurisdiction to enforce the terms of the Settlement Agreement attached as exhibit A hereto." (Order filed April 29, 2005.)  Therefore, this court has retained jurisdiction to enforce the settlement agreement and direct defendant to comply its terms.  Cf. Ortolf v. Silver Bar Mines, 111 F.3d 85, 87 (9th Cir. 1997)

  Accordingly, IT IS HEREBY ORDERED that defendant Michael Franklin is directed to comply with the settlement agreement on file in this action. (See Doc. nos. 27 & 28.)[1]  Defendant shall comply with the agreement forthwith.  That is defendant shall pay plaintiff $5,000, shall re-forest his lot as directed by plaintiff and shall remove the vehicle therefrom.  Defendant is forewarned that failure to comply with this order may result in the imposition of sanctions, including but not limited to an award for damages against defendant for not complying with the settlement agreement.  See TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986).

DATED: October 4, 2006.

        _Dale A. Drozd_
        DALE A. DROZD
        UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\tahoeregional.enforce.settlement

---

[1] In order to ensure that the parties have a copy of the relevant settlement agreement, the Clerk of the Court is directed to serve the parties copies of plaintiff's request for dismissal (Doc. no. 27) and the district judge's order thereon (Doc. no. 28) along with a copy of this order.

4